# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5811 | **DATE** | 2/27/2004 |
| **CASE TITLE** | WILLIE C. MURRAY, et al vs. AMERICA'S MORTGAGE BANC, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendants' motion for a finding that case nos. 03 C 5811 and 03 C 6186 are related within the meaning of LR 40.4(a) [31-1] and grants defendants' motion for reassignment of case 03 C 6186 to this Court's docket pursuant to LR 40.4(b) [31-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 48 |
| ✓ | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | courtroom CG deputy's initials | '04 FEB 27 AM 3:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE C. MURRY and<br>WYLODEAN MURRY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 03 C 5811 |
| v. | )<br>) | Judge Ronald A. Guzmán |
| AMERICA'S MORTGAGE BANC, INC.;<br>THE LOAN ARRANGER, INC.;<br>CLEARWATER TITLE COMPANY;<br>PARAGON HOME LENDING, LLC;<br>HOMECOMINGS FINANCIAL<br>NETWORK, INC., MICHAEL ROBINS;<br>and JOHN DOES 1-5; | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**DOCKETED**
**MAR 0 1 2004**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on The Loan Arranger, Inc., Clearwater Title Company, Inc., Michael Robins, and BWM Mortgage, LLC's motion for a finding of relatedness and motion to reassign the present case with *Blondell Greenleaf v. BWM Mortgage, LLC* (03 C 6186) pursuant to Northern District of Illinois Local Rule 40.4 ("LR 40.4"). For the reasons set forth herein, the Court grants the motion.

## BACKGROUND

In the instant case, Willie and Wylodean Murry, on behalf of themselves and a putative class of similarly situated individuals, defendants America's Mortgage Banc, Inc., The Loan Arranger, Inc., Clearwater Title Company, Paragon Home Lending, LLC, Homecomings Financial Network, Inc., Michael Robins, and five John Doe defendants. There are two putative classes. Class A consists of all who obtained loans from

America's Mortgage Banc secured by their residences, on or after a date three years before the instant action was commenced, involving Loan Arranger and Clearwater Title, where the charge for title insurance was excluded from the finance charge. Class B consists of all who obtained loans secured by their residences, on or after three years before this action was commenced, involving Loan Arranger and Clearwater, where the charge for title insurance was excluded from the finance charge.

Prior to April 3, 2002, the Murrys hired Loan Arranger as a mortgage loan broker. On April 3, 2002, the Murrys closed on a loan that was arranged by Loan Arranger and that was secured by their primary household residence. The Murrys received a Truth in Lending Statement from America's Mortgage Banc, Inc. that listed charges in the amount of $1,145 for obtaining title insurance from Clearwater Title. This amount was in addition to title insurance charges of $450 to Lakeshore title. America's Mortgage Banc, Inc. did not label these charges as "finance charges," but rather included them in the total amount financed. Clearwater Title is a company under common ownership with the Loan Arranger. The Murrys contend that these charges were unreasonable and duplicitous and were included in an overstated amount financed to disguise compensation that was being paid to Loan Arranger in violation of, *inter alia,* 15 U.S.C. § 1637 of the Truth in Lending Act ("TILA"), Federal Reserve Board Regulation Z, 12 C.F.R. § 226.13, and Section 2 of the Illinois Consumer Fraud Act ("ICFA"), 815 ILL. COMP. STAT. 505/2. They now seek rescission of the mortgage loan transactions, damages in the form of attorney's fees, and other statutory damages on behalf of all putative class members.

*Greenleaf v. BWM Mortgage, LLC* (03 C 6186), pending before Judge Amy St. Eve,

is a putative class action brought by a plaintiff against defendants BWM Mortgage, LLC ("BWM"), Lenders Network USA, Inc., Clearwater Title Co., The Loan Arranger, Inc., Michael Robins, and five John Doe defendants. Ms. Greenleaf hired Loan Arranger to act as a mortgage loan broker. On or about September 11, 2002, Loan Arranger arranged for such a loan from BWM that was to be secured by the plaintiff's household residence.

Not unlike the Murrys, Greenleaf now alleges that Loan Arranger understated the finance charge amount and overstated the amount financed. On a Truth In Lending Statement received from BWM, there are charges in the amount of $540 to Lakeshore and $800 to Clearwater, both for title insurance. Ms. Greenleaf alleges that these charges are likewise duplicitous and, in light of what Chicago Title charges for the same title insurance, unreasonably high. The inclusion of these charges in the amount financed was designed to disguise compensation paid to Loan Arranger, in violation of 15 U.S.C. § 1637 of the TILA, 12 C.F.R. § 226.13, and Section 2 of ICFA, 815 ILL. COMP. STAT. 505/2. Ms. Greenleaf also seeks the same remedies, in the form of rescission of the transaction, attorney's fees, and statutory damages.

## ANALYSIS

The applicable Local Rule of the Northern District of Illinois is LR 40.4, which provides for reassignment of cases as related. Under LR 40.4(a), cases may be related if they involve any one of the following conditions:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

3

(4) in class action suits, one or more of the classes involved in the cases is or are of the same.

LR 40.4(a). Once relatedness is established, the case or cases may be reassigned if all four of the following criteria are met: (1) both cases are pending in this court; (2) reassignment will result in substantial saving of judicial resources; (3) reassignment will not cause a substantial delay; and (4) it is possible for disposition of both cases in a single proceeding. LR 40.4(b).

The present case meets the requirement of LR 40.4(a) for relatedness. It is undisputed that both cases involve some of the same issues of law. Plaintiffs in both cases allege that Loan Arranger, in procuring a mortgage loan for each plaintiff, overstated the amount financed and understated the finance charge in violation of TILA and ICFA. Thus, any resolution of both disputes will necessarily require a determination of the legality of the same defendants' actions under the same statutes and regulations. What's more, the rule does not require complete identity of issues in order for cases to be considered related. *See, e.g., Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Finally, the *Murry* Class B, all those who procured loans through Loan Arranger, includes the entire *Greenleaf* class.

The present case also satisfies the requirements of LR 40.4(b). There is no question that the first of these requirements has been met because both of these cases are pending before this Court. The second requirement under LR 40.4(b) has been met as well because reassignment of the *Greenleaf* case to this Court's docket will result in substantial time savings and promote judicial economy. With the reassignment of *Greenleaf*, only one judge will need to rule on the dispositive motions filed by defendants

Homecoming Financial Network and Mortgage Lenders Network. In both cases the plaintiffs will be filing motions for Class Certification that will likely involve substantially identical briefs and issues because the same law firm represents the plaintiffs in both cases subject to this motion.

The third requirement, that the earliest case has not progressed too far, has also been satisfied. *Murry* is still in the preliminary stages, and discovery has just begun. Reassignment of *Greenleaf* to this Court's docket would not, at this point, cause any substantial delay that would otherwise prejudice the resolution of the respective parties' dispute. Finally, the fourth requirement, that it be possible for both cases to be disposed of in a single proceeding, has been met. Both *Murry* and *Greenleaf* require a determination of whether Loan Arranger's pricing schedules are allowable under TILA, Federal Reserve Board Regulation Z, and ICFA. Moreover, the *Greenleaf* class is subsumed in *Murry* Class B. Thus, it is clear that the cases are susceptible of disposition in a single proceeding.

## CONCLUSION

For the reasons set forth above, the Court grants defendants' motion for a finding that case nos. 03 C 5811 and 03 C 6186 are related within the meaning of LR 40.4(a) [doc. no. 31-1] and grants defendants' motion for reassignment of case no. 03 C 6186 to this Court's docket pursuant to LR 40.4(b) [doc. no. 31-2].

**SO ORDERED**             **ENTERED:**

HON. RONALD A. GUZMAN
United States Judge

2/27/04