Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5811 | **DATE** | 8/26/2004 |
| **CASE TITLE** | Murry, et al. vs. America's Mortgage Banc, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, the Court denies as moot plaintiffs' motion for leave to file Second Amended Complaint (doc. #51). The Court grants in part and denies in part plaintiffs' motion for leave to substitute a third amended complaint for their proposed second amended complaint (doc. # 76). The Court denies the motion insofar as the plaintiffs seek to add as new defendants Lake Shore Title Agency and Residential Funding Corporation, and to add Counts IV and V asserting common law claims of breach of fiduciary duty and inducement to breach fiduciary duty, respectively. The Court grants plaintiffs leave to file a third amended complaint that adds the specified allegations concerning the defendants's motivation for the alleged acts of consumer fraud, and that conform the pleading to the rulings made by the district judge on the motion to dismiss. Plaintiff's shall file their third amended complaint by September 2, 2004. Any amended answers necessitated by the third amended complaint are to be filed by September 16, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 3 0 2004 date docketed | 89 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | | |
| | Docketing to mail notices. | 2004 AUG 27 AM 7:05 | docketing deputy initials JXM | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE C. MURRY and WYLODEAN MURRY,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICA'S MORTGAGE BANC, INC., *et al.*,<br><br>Defendants | No. 03 C 5811<br><br>District Judge Guzman<br>Magistrate Judge Schenkier<br>(Related Cases) |
| BLONDELL GREENLEAF,<br><br>Plaintiff,<br><br>vs.<br><br>BWM MORTGAGE, LLC, *et al.*,<br><br>Defendants. | 03 C 6186<br><br><br><br>**JURY DEMAND** |
| BWM MORTGAGE, LLC,<br><br>Counterplaintiff,<br><br>vs.<br><br>BLONDELL GREENLEAF,<br><br>Counterdefendant. | |

### MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a motion for leave to amend the class-action complaint brought by Willie and Wylodean Murry in Case No. 03 C 5811 (doc. # 76). That motion has been



referred to this Court for ruling (*see* doc. # 78), and has now been fully briefed. For the reasons set forth below, the motion to amend the complaint is granted in part and denied in part.

I.

We begin with a brief procedural history. On August 19, 2003, the Murrys filed a class-action complaint in connection with a mortgage loan that they obtained in April 2002. The Murrys alleged that the mortgage loan (which was in the principal amount of $74,000.00, and was secured by their primary residence) was issued by defendant America's Mortgage Banc, Inc. ("AMB") and was arranged by a mortgage broker hired by the Murrys – The Loan Arranger, Inc. In consummating the transaction, the Murrys received a Truth in Lending disclosure statement, which listed title insurance charges by Lake Shore Title Agency ($450.00) and Clearwater Title Company ($1,145.00). The Murrys alleged that AMB assigned the loan to Paragon Home Lending, LLC, and that the Murrys have been making their loan payments to Homecomings Financial Network, Inc. ("HFN"), which has been servicing the loan.

In their original complaint, the Murrys named as defendants all of the foregoing entities – except for Lake Shore Title Agency – as well as five John Doe defendants. On September 4, 2003, prior to any of those defendants filing a response to the complaint, the Murrys filed a first amended complaint that added as an individual defendant Michael Robins, who allegedly owns both Loan Arranger and Clearwater. Both the original and the first amended complaints alleged that the charges for title insurance were inflated, for the purpose of allowing the finance charge set forth in the Truth in Lending statement to be understated and the amount financed to be overstated. Based on this theory, the first amended complaint alleged three causes of action: (1) a class action claim under the Truth In Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"), against AMB, Paragon, HFN,

and the Doe defendants, seeking a declaration that any class member could rescind their transaction, statutory damages, attorney's fees and other relief (Count I); (2) an individual claim by the Murrys under TILA against AMB and Paragon, seeking recision of the mortgage, a declaration of rights, statutory damages, attorney's fees and other relief (Count II);[1] and (3) a class claim under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 ("the Act"), against all defendants named in the first amended complaint (Count III).

Loan Arranger, Clearwater and Mr. Robins all answered the first amended complaint; AMB, HFN and Paragon moved to dismiss. Discovery on both merits and class certification issues proceeded during the pendency of the motions, and non-expert fact discovery was closed on April 12, 2004. Expert discovery on both class certification and merits issues continued thereafter, and was completed as of August 11, 2004.

During the pendency of the motions to dismiss, on March 5, 2004, the Murrys sought leave to file a second amended complaint in the case. The proposed second amended complaint sought: (1) to add to the consumer fraud claim in Count III an allegation that the purpose for the alleged fraud was to avoid violation of the Illinois High Risk Home Loan Act, 815 ILCS 137-10; (2) to add new causes of action alleging class claims for breach of fiduciary duty against Loan Arranger and Mr. Robins (Count IV), and for inducement to breach fiduciary duty against Clearwater and Mr. Robins; and (3) to add Lake Shore (which had been identified in the first amended complaint but not named as a defendant) as a defendant on the class claims for consumer fraud (Count III) and

---

[1] The first amended complaint lists as a defendant on this claim Chase rather than Paragon; however, Chase is not listed as a defendant in the case caption. Given that Paragon sought to dismiss Count II of the first amended complaint, we presume that all parties understood that the insertion of Chase in Count II was a typographical error and that Paragon, not Chase, was an additional defendant on Count II.

inducement to breach fiduciary duty (Count V). On March 15, 2004, the presiding district judge entered an order deferring ruling on the motion for leave to file the second amended complaint until after the rulings on the motions to dismiss (doc. # 52).

On July 9, 2004, the presiding district judge ruled on the pending motions to dismiss (doc. # 74). Thereafter, on July 21, 2004, the Murrys sought leave to substitute a third amended complaint for their proposed second complaint. The only difference the Court can discern between the proposed third amended complaint and the proposed second amended complaint is that the Murrys now seek to join, in addition to Lake Shore, an additional new defendant on the TILA claims in Counts I and II: Residential Funding Corporation ("RFC"), which is alleged now to be an assignee of the plaintiffs' loan (Proposed Third Amended Complaint, ¶ 13).

## II.

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading to a complaint has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the parties; and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is well settled that the admonition to freely permit amendments "is to be heeded." *Id.*; *see also Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983) ("liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations"). Notwithstanding this "liberal attitude toward amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the

pleading is futile." *Campania Management, Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) (citing *Foman*, 371 U.S. at 181-82).

Guided by these principles, we consider in turn (a) the Murrys' request to add new defendants; (b) their request to add two new causes of action; and (c) their request to add allegations to bolster their existing consumer fraud claim.

### A.

The Murrys seek to add RFC as a defendant on the ground that RFC is an assignee of the loan (Proposed Third Amended Complaint, ¶ 13). However, the proposed third amended complaint also alleges that Paragon is an assignee of the plaintiffs' loan (Proposed Third Amended Complaint ¶ 12) – and, specifically asserts that Paragon is an assignee "of record," an allegation that the Murrys do not make with respect to RFC. Neither the proposed third amended complaint nor the Murrys' briefing in support of that complaint discloses the factual basis on which they contend that RFC and Paragon both are assignees of the same loan; the significance of the allegation that Paragon is an assignee "of record" while RFC is not; or, when the Murrys learned of RFC's alleged status as an assignee.

The Murrys seek to add RFC as a defendant on the TILA claims in Counts I and II, which seek both recision and damages. In ruling on the motion to dismiss as to Paragon, the presiding district judge already has ruled that the Murrys have no claim against Paragon (the alleged assignee of the loan) for damages under TILA (doc. # 74: 07/06/04 Memorandum Opinion and Order, at 6-8). Thus, insofar as the proposed third amended complaint seeks to assert damages claims against RFC under TILA, those claims would be futile. Under the presiding district judge's ruling, at most the Murrys may pursue a TILA claim for recision against an assignee.

5

Moreover, we are given no reason for why the Murrys seek to join RFC only at this late date, which is significant in light of the fact that the time period for discovery in this case is now at an end. If RFC is brought into the case as an assignee, any depositions taken before RFC joined the case – which would be all lay and expert depositions taken – could not be used to establish RFC's purported liability. *See* WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d SECTION 2142, at 161 (1994 ed.) (citing cases). Moreover, we would be hard pressed to deny RFC an opportunity, if it so requested, to conduct discovery to show why RFC should not be forced to rescind loans that allegedly were assigned to it (for which RFC presumably paid consideration). The reopening of discovery for this purpose would inevitably increase the cost of the litigation, and delay its ultimate disposition. Particularly in light of the Murrys' failure to provide more details as to why they believe RFC is an assignee and when they learned this information, these considerations persuade the Court that its discretion would be best exercised in denying that proposed amendment.[2]

With respect to Lake Shore, there is no doubt as to when the plaintiffs learned that Lake Shore was involved in the financing transaction of which they complain: the first amended complaint specifically identifies Lake Shore as charging for title insurance and other fees in connection with the loan obtained by the Murrys (First Amended Complaint, ¶¶ 19-20). In addition, the first amended complaint specifically alleged that the payment of the title insurance charges to both Clearwater and Lake Shore "was duplicative and unnecessary" (*Id.*, ¶ 27). Yet, in both the original and the first amended complaint, the Murrys chose to name Clearwater as a defendant, but

---

[2]This concern is not obviated by the Murrys' assertion in their motion, made on information and belief, that RFC "is related to" HFN, which has been a party in the case from the onset (Pls.' Motion for Leave to Substitute Third Amended Complaint for Proposed Second Amended Complaint, at 2, ¶ 5). That assertion is insufficient to properly allege that RFC and HFN are in substance one entity rather than separate ones, and that RFC thus should be bound by discovery in which HFN participated.

not Lake Shore. The Murrys did not attempt to add Lake Shore as a defendant until they sought leave to file a second amended complaint on March 5, 2004 – slightly more than one month before non-expert fact discovery was due to conclude.

In attempting to avoid the conclusion that they unduly delayed in seeking Lake Shore as a defendant, the Murrys state that they added Lake Shore as a defendant within days of learning critical information about it during a deposition of Mr. Robins on February 16 and 17, 2004 (Pls.' Reply Mem. at 5). However, the only information they cite from the deposition that pertains to Lake Shore is that the president of Lake Shore helped Mr. Robins create Clearwater, and that before Clearwater existed, Loan Arranger used Lake Shore to obtain title insurance (*Id.*). We do not see how this information made Lake Shore a more apt defendant in February 2004 than it was in September 2003, when the Murrys knew that Lake Shore was involved in their mortgage transaction and alleged that the title insurance charges by Lake Shore – like those of Clearwater, which was named as a defendant – were "duplicative and unnecessary." We conclude that in waiting until one month before the close of non-expert discovery, plaintiffs unduly delayed in seeking to add Lake Shore to the case.

We are mindful that "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing'" *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (quoting *Doherty v. Davey Songer, Inc.*, 195 F.3d 919, 327 (7th Cir. 1999). Here, we find that prejudice would result from allowing Lake Shore to be added to the case at this time. As is the case of RFC, Lake Shore would not be bound by depositions taken before it was added to the case, which could lead to the reopening of depositions already completed.

7

Moreover, Lake Shore would have to be given an opportunity to prepare to defend class claims of consumer fraud and inducement to breach fiduciary duty, claims on which the Murrys seek to hold Lake Shore liable for both actual and punitive damages. The plaintiffs cannot assert with a straight face that adding Lake Shore to the case would not require the reopening of discovery, because the plaintiffs themselves concede that if Lake Shore is added to the case, the plaintiffs themselves "will have to conduct discovery regarding the relationship between Lake Shore and the Robins['] defendants," which they assert would involve interrogatories and depositions (Pls.' Reply Mem. at 5). Because, as plaintiffs concede, those interrogatories and depositions would attempt to develop information about Loan Arranger and Clearwater, those defendants – and likely the others – would have an interest in participating in that discovery, and initiating discovery of their own.[3] This additional discovery will inevitably increase the cost of this litigation, as well as delay the time when the case can be addressed on the merits either through a summary judgment motion or trial.

Accordingly, for the foregoing reasons, the Court denies the plaintiffs' motion for leave to amend insofar as it seeks to add RFC and Lake Shore as defendants.[4]

---

[3] To the extent that plaintiffs wish to conduct discovery into the relationship between Mr. Robins, entities he allegedly heads, and Lake Shore, we see no reason that they could not have done so during the period allotted for non-expert fact discovery. It was during a deposition on February 16 and 17, 2004, that plaintiffs say they learned of the role of Lake Shore's president, Min Bowler, in creating Clearwater. If the plaintiffs wanted to know who assisted Ms. Bowler in that activity, there is no reason they could not have asked her that question in her deposition. If they wished to know who else at Lake Shore had knowledge of Clearwater and the Loan Arranger, they likewise could have pursued that subject with Ms. Bowler in her deposition, and then deposed those persons whom she identified prior to the April 12, 2004 discovery cutoff. We do not believe that a motion for leave to amend the complaint should serve to be a vehicle for obtaining an extension of discovery that was never sought, or allowing a party to pursue discovery that it chose not to pursue during the period allotted for discovery.

[4] Plaintiffs claim that the defendants concede that Lake Shore and RFC have "participated fully in discovery" (Pls.' Reply Mem. at 5 n.1 (emphasis in original), citing p. 9 of the Def.'s Memorandum). However, in that memorandum, the defendants say no such thing: to the contrary, the defendants state that "[b]oth RFC and Lake Shore would undoubtedly wish to initiate their own factual discovery regarding all issues in the case because *neither has participated fully in discovery*" (Defs.' Joint Response at 9 (emphasis added)).

## B.

We now turn to the two additional causes of action that the Murrys seek to add: common law claims for breach of fiduciary duty against Mr. Robins and the Loan Arranger (Count IV), and inducement to breach of fiduciary duties against Mr. Robins and Clearwater (Count V). The theory of breach of fiduciary duty against the Loan Arranger is that in arranging financing and title insurance for the Murrys' loan, Loan Arranger was a principal and the Murrys were agents, that Loan Arranger therefore owed them a fiduciary duty, and that Loan Arranger breached that fiduciary duty by arranging for title insurance that was unreasonably priced and not bona fide (Proposed Third Amended Complaint, ¶¶ 88-92). Count IV does not expressly state the theory of liability against Mr. Robins, but it presumably is based on Mr. Robins's status as president of the Loan Arranger (*see* Proposed Third Amended Complaint, ¶¶ 5, 29). As to the claim for inducement to breach fiduciary duty, plaintiffs allege that Mr. Robins is liable because he benefitted from the scheme through his status as principal of Loan Arranger, as well as principal and sole employee of Clearwater (which issued certain of the title insurance); and, plaintiffs allege that Clearwater is liable because it "benefitted from the enormous markup in fees that were charged to the plaintiff" (Proposed Third Amended Complaint, ¶¶ 100(b), (c)).

We conclude that the plaintiffs unduly delayed by waiting until non-expert fact discovery was almost finished before seeking to add these claims. The alleged information that underlies these theories long had been known to plaintiffs, as is apparent from a reading of the first amended complaint. In that complaint, the plaintiffs alleged that Mr. Robins owns both Loan Arranger and Clearwater (First Amended Complaint, ¶¶ 5-8); that the plaintiffs contracted with Loan Arranger to obtain financing and title insurance (*Id.*, ¶¶ 14-15); that title insurance charges were imposed by

9

Clearwater and Lake Shore (*Id.*, ¶ 20); that the title insurance charges were excessive (*Id.*, ¶¶ 22-23); and that the inclusion of Clearwater in the transaction "served no legitimate purpose," and had as its "sole purpose" placing money in the hands of a company, Clearwater, under common ownership with the mortgage broker, Loan Arranger (*Id.*, ¶¶ 25-26). These are substantially the same allegations upon which plaintiffs now seek to inject into the case class claims for breach of fiduciary duty and inducement to breach fiduciary duty. We are persuaded that the plaintiffs unduly delayed in asserting these claims.[5]

We thus consider whether prejudice would result from allowing these new causes of actions to be added to the case at this time. The plaintiffs are correct when they point out that the defendants have stated only in general terms what additional discovery they would need to confront the fiduciary duty claims; and, the plaintiffs attempt to portray the additional claims as being simple, given their theory that the basis for asserting a fiduciary duty is "that Robins is a mortgage broker, . . . [and] not anything that the plaintiffs have done" (Pls.' Reply Mem. at 3). However, we are not persuaded that this means no additional discovery will be required. We note that the brokerage agreement is between the plaintiffs and Loan Arranger (Proposed Third Amended Complaint, Ex. I). Thus, for Mr. Robins to be held liable on a breach of fiduciary duty claim, the plaintiffs would have to establish either that the corporate form of Loan Arranger should be disregarded and that Mr. Robins and Loan Arranger should be treated as alter egos, or that there is some separate basis (which the proposed third amended complaint does not disclose) for there to be a fiduciary duty between

---

[5]We have considered the plaintiffs' argument that they only learned of these breach of fiduciary duty claims after taking the deposition of Mr. Robins on February 16, 2004 (Pls.' Reply Mem. at 4). While Mr. Robins testimony may have, in plaintiffs' view, provided more details for fiduciary duty claims, there is nothing in the allegations of the proposed third amended complaint that persuades the Court that Mr. Robins's testimony alerted the plaintiffs to fiduciary duty claims that they could not previously have asserted based on the information available to them.

Mr. Robins personally and the plaintiffs. In Count V, plaintiffs specifically recognize that their theory of liability would require piercing the corporate veil between Clearwater and Mr. Robins; between Loan Arranger and Mr. Robins, and between Clearwater/Robins and Loan Arranger/Robins (Proposed Third Amended Complaint, ¶ 100(b)). The TILA and consumer fraud claims do not on their face require such evidence, and thus allowing these new fiduciary duty claims into the case would open the door to discovery this new area, creating additional costs and delay. Given that we see no good reason for plaintiffs' delay in asserting these claims, the Court concludes that this prejudice militates against allowing the proposed amendment at this time.

In reaching this conclusion, we are also influenced by the fact that if they so choose, the plaintiffs may file these fiduciary duty claims in state court. The plaintiffs have not asserted that there would be any time bar or other impediment to pursing the claims in state court, and "the availability of an alternative forum is a factor to consider when ruling on a motion to amend a complaint and assert new causes of action." *Campania Management, Inc.*, 290 F.3d at 851 n.5. While there may be some inefficiencies in pursuing those claims in a separate action, neither side here can legitimately raise that concern: the plaintiffs cannot do so because their inability to proceed on the claims in this Court is the result of their undue delay in raising the claims, and the defendants cannot complain because they themselves have urged that "[n]othing prevents the plaintiffs from filing these punitive claims in the state court," and that "[i]f the proposed claims are truly viable, the Plaintiffs should be eager to file them in either [state court or federal court]" (Title/Broker Defendants' Response in Opposition to Plaintiffs' Motion for Leave to Substitute Third Amended Complaint for Proposed Amended Complaint, at 3-4).

For these reasons, the Court denies plaintiffs leave to file a proposed third amended complaint adding claims for breach of fiduciary duty and inducement to breach fiduciary duty.[6]

## C.

Finally, we address the plaintiffs' request to amend the complaint to add allegations relevant to the Consumer Fraud Act claim in Count III. Unlike the plaintiffs' other proposed amendments, this proposed amendment does not seek to add new parties to the consumer fraud claim, or to add new causes of action. As we read it, plaintiffs' proposed amendment merely seeks to elaborate on the previously-alleged conduct that allegedly violated the Consumer Fraud Act, and the motivation for that conduct. Under the regime of notice pleading set forth in Rule 8(a) of the Federal Rules of Civil Procedure, plaintiffs are not required to elaborate on those claims, which Loan Arranger, Clearwater and Mr. Robins answered, and which survived AMB's motion to dismiss (the district judge dismissed this claim against HFN and Paragon, and the plaintiffs' proposed third amended complaint does not press the Consumer Fraud Act claim against them). But we see no reason for prohibiting them from doing so.

We fail to see what additional discovery the defendants would need, since what they seek to add is not a new claim, but rather a theory as to the motivation of the fraudulent acts that the plaintiffs already had alleged. Indeed, the defendants do not point to any new discovery needed if this allegation were added to the complaint; rather, they criticize the plaintiffs for not conducting discovery with respect to this alleged motivation (Defs.' Consolidated Mem. at 7). Thus, if any side would be arguably prejudiced by the timing of this proposed amended allegation, it would be the

---

[6] In light of this ruling, we find it unnecessary to rule on the defendants' alternative argument that the plaintiffs should not be allowed to add the breach of fiduciary duty claims because they are futile (Defs.' Consolidated Mem. at 10-11).

12

plaintiffs, who will not have an opportunity to pursue discovery to flesh out further facts related to this alleged motivation for the purported fraud. However, the plaintiffs are not complaining about prejudice or seeking to reopen discovery. And, the defendants are not prejudiced by having the plaintiffs committed, in their complaint, to a theory of the defendants' alleged motivation for fraudulent conduct.

In these circumstances, we see no prejudice to the defendants from the addition of these new allegations concerning the theory for the alleged fraudulent conduct. Accordingly, we grant the plaintiffs leave to file the proposed third amended complaint containing those additional allegations.

**CONCLUSION**

For the foregoing reasons, the Court denies as moot plaintiffs' motion for leave to file Second Amended Complaint (doc. # 51). The Court grants in part and denies in part plaintiffs' motion for leave to substitute a third amended complaint for their proposed second amended complaint (doc. # 76). The Court denies the motion insofar as the plaintiffs seek to add as new defendants Lake Shore Title Agency and Residential Funding Corporation, and to add Counts IV and V asserting common law claims of breach of fiduciary duty and inducement to breach fiduciary duty, respectively. The Court grants plaintiffs leave to file a third amended complaint that adds the specified allegations concerning the defendants' motivation for the alleged acts of consumer fraud, and that conform the pleading to the rulings made by the district judge on the motion to dismiss.

13

Plaintiffs shall file their third amended complaint by September 2, 2004. Any amended answers necessitated by the third amended complaint are to be filed by September 16, 2004.[7]

ENTER:

_____
SIDNEY I. SCHENKIER
**United States Magistrate Judge**

Dated: August 26, 2004

---

[7] The plaintiffs invite the Court to rule on their motion for leave to file a proposed second amended complaint in *Greenleaf v. BWM Mortgage, LLC, et al.*, No. 03 C 6186, a related case also pending before the same district judge and which has been referred to this Court for various matters. However, the presiding district judge has not referred the motion for leave to file a second amended complaint in *Greenleaf* to this Court for ruling, as he has done with the proposed third amended complaint in the *Murry* case. Accordingly, while the Court's ruling on the proposed third amended complaint in *Murry* should give the parties sufficient guidance, so that they can resolve any issues concerning a second amended compliant in *Greenleaf*, the Court does not rule on the motion to file a second amended complaint in *Greenleaf*. As a result of this decision, the Court denies as moot the motion filed by Sovereign Bank (a party in the *Greenleaf* case but not a party in *Murry*) to strike the Murrys' reply brief insofar as that brief asks the Court to rule on a motion to amend in *Greenleaf*.