IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE C. MURRY and <br> WYLODEAN MURRY, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICA'S MORTGAGE BANC, INC., THE LOAN ARRANGER, INC., CLEARWATER TITLE CO., PARAGON HOME LENDING, LLC, HOMECOMINGS FINANCIAL NETWORK, INC., <br><br> Defendants. | Judge Ronald A. Guzmán <br><br> 03 C 5811 |
| BLONDELL GREENLEAF, <br><br> Plaintiff, <br><br> v. <br><br> BWM MORTGAGE, LLC, SOVEREIGN BANK, MORTGAGE LENDERS NETWORK USA, INC., CLEARWATER TITLE CO., THE LOAN ARRANGER, INC., MICHAEL ROBINS, AND DOES 1-5, <br><br> Defendants. | 03 C 6186 |

## MEMORANDUM OPINION AND ORDER

In these related cases, plaintiffs Willie C. Murry, Wylodean Murry and Blondell Greenleaf have sued various entities and individuals for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, implementing Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. part 226, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. 505/2 *et seq.*, in connection with residential

mortgage loans. Before the Court are defendants' objections to Magistrate Judge Schenkier's Report and Recommendation ("R&R") granting in part and denying in part plaintiffs' renewed motion for class certification in these related cases. For the reasons provided in this Memorandum Opinion and Order, the Court adopts Magistrate Judge Schenkier's R&R with modification.

## BACKGROUND

On August 19, 2003, plaintiffs Willie and Wylodean[1] Murry filed a class-action complaint in connection with a $74,000.00 mortgage loan issued by defendant America's Mortgage Banc, Inc. ("AMB"). (Murrys' Third Am. Compl. ¶ 16.) The loan was closed on April 3, 2002. (*Id.* ¶ 16.) The mortgage was arranged by defendant The Loan Arranger, Inc., a mortgage broker. (*Id.* ¶ 15.) The loan was assigned to defendant Paragon Home Lending, Inc. (*Id.* ¶ 28.) In connection with this transaction, the Murrys received a Truth in Lending disclosure statement from AMB which included title insurance charges of $1,145.00 to defendant Clearwater Title Company ("Clearwater") and $450.00 to Lakeshore Title Agency. (*Id.* ¶ 20.) Neither charge was defined as a "finance charge." (*Id.*)

Plaintiff Blondell Greenleaf filed a class-action complaint on September 3, 2003 in connection with a $58,000.00 mortgage loan that closed on September 11, 2002. (Greenleaf's Am. Compl. ¶¶ 12-13.) The loan was arranged by defendant The Loan Arranger, Inc. and was issued by defendant BWM Mortgage, LLC ("BWM"). (*Id.* ¶ 12.) In completing this transaction, Greenleaf was charged $1,625.00 for title insurance, most of which was paid to Clearwater. (*Id.*

---

[1]Suggestion of death of Plaintiff Wylodean Murry was entered on 08/03/05.

¶ 17.) Neither this payment nor any charge relating to title insurance was defined as a "finance charge." (*Id.* ¶¶ 16-17.) Plaintiff asserts that The Loan Arranger, Inc. did not fully and completely disclose the nature, purpose and effect of the relationship between itself and defendant Clearwater. (*Id.* ¶ 23.)

Plaintiffs allege that defendant Michael Robins owns both The Loan Arranger, Inc. and Clearwater. (Murrys' Third Am. Compl. ¶¶ 6, 8; Greenleaf's Am. Compl. ¶ 9.) Plaintiffs also allege that the sole purpose of including Clearwater in the transaction was to put money in the hands of The Loan Arranger, Inc. without calling the payment a finance charge. (Murrys' Third Am. Compl. ¶ 26; Greenleaf's Am. Compl. ¶ 22.) Further, plaintiffs allege that the undisclosed finance charges were actually title insurance charges. (Murrys' Third Am. Compl. ¶ 27; Greenleaf's Am. Compl. ¶ 17.) Because of this, the disclosed finance charge stated on the transaction was understated and the disclosed amount financed was overstated. (Murrys' Third Am. Compl. ¶ 33; Greenleaf's Am. Compl. ¶ 28.) Additionally, because of these omissions, the charges for title insurance were approximately four times higher than a reasonable charge for title insurance. (Murrys' Third Am. Compl. ¶ 23; Greenleaf's Am. Compl. ¶ 25.) Plaintiffs have offered evidence that The Loan Arranger, Inc. and Clearwater have a standard practice of charging a flat fee of approximately $1,595.00 for title insurance for all mortgage loans less than $1 million. (Pls.' Ex. C, Robins Dep. at 35.)

As a remedy for the violations alleged in each complaint, plaintiffs seek statutory damages under TILA, compensatory and punitive damages for the ICFA claims, a declaration that "any class member who so desires may rescind their transaction" for the TILA and ICFA claims, injunctive relief, and attorneys fees and costs. (Murrys' Third Am. Compl. ¶¶ 40, 45, 55; Greenleaf's Am. Compl. ¶¶ 32, 37, 45, 47.) With regard to their statutory damages claims,

3

plaintiffs seek certification of a class of all natural persons who obtained loans[2] secured by their residences for purposes other than the initial construction or acquisition of those residences and whose loans were closed one year prior to the filing of this action, where the mortgage broker fee was paid to The Loan Arranger, Inc. where title insurance charges were paid to Clearwater, and the charge for the title insurance was excluded from the finance charge. (Murrys' Third Am. Compl. ¶¶ 47, 52(a); Greenleaf's Am. Compl. ¶¶ 39, 44(1).) With regard to their rescission claims, plaintiffs seek to certify a class of all natural persons who obtained loans secured by their residences, for purposes other than acquisition or initial construction of the residences, on a date no more than three years before the date that the action was filed and in which The Loan Arranger, Inc. was the broker, the title insurance charges were paid to Clearwater, and the charge for title insurance was excluded from the finance charge. (Murrys' Third Am. Compl. ¶ 47; Greenleaf's Am. Compl. ¶ 44.) Magistrate Judge Schenkier recommended that the plaintiffs' motion for class certification be granted with regard to liability and statutory damages under TILA and ICFA, but denied as to plaintiffs' claims seeking rescission. (R&R at 2, 21.)

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 72 provides for the referral of pretrial matters to a magistrate judge. FED. R. CIV. P. 72. However, a motion for class certification may not be decided independently by a federal magistrate judge. 28 U.S.C. § 636(b)(1)(A). Accordingly, the district court has the authority to make the final determination on the motion and must "make

---

[2]The Murrys' Third Amended Complaint is filed on behalf of all persons who obtained loans from AMB. Greenleaf's complaint is filed on behalf of all persons who obtained loans from BWM.

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

For a class to be certified, the party seeking certification must first satisfy each of the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Once these requirements are satisfied, the plaintiff must also satisfy one of Rule 23(b)'s requirements. *Cwiak v. Flint Ink Corp.*, 186 F.R.D. 494, 496 (N.D. Ill. 1999). Because plaintiff has moved to certify the classes under Rule 23(b)(3), plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). A failure to satisfy any of the requirements of Rule 23 results in a denial of class certification. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

Of course, defendants take no issue with Judge Schenkier's denial of the motion to certify a class as to plaintiffs' rescission claims. However, defendants argue that Magistrate Judge Schenkier incorrectly granted plaintiffs' motion to certify a class for liability and damages under TILA. Specifically, defendants argue that: (1) the named plaintiffs' damages claims are not typical because they are time-barred (Defs.' Joint Objs. at 13); (2) common questions of fact do not predominate over individual questions of fact as required by Rule 23(b)(3) (*id.* at 4-13); and (3) a class action trial would be both unmanageable and unfair to assignee lenders, meaning that a class action lawsuit is not superior to other methods of litigation and therefore defeats

5

class certification under Rule 23(b)(3) (*id.* at 13-16).

## A. Timeliness

Defendants' argue that plaintiffs' claims are atypical because they were not filed within the statute of limitations under TILA, 15 U.S.C. § 1640(e). Actions for damages under TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). On August 19, 2003, plaintiffs Willie and Wylodean Murry filed their putative class action complaint stemming from charges paid to Clearwater Title in connection with a loan that closed on April 3, 2002. (Murry, Third Am. Compl. ¶ 16.)

The Murrys argue that defendants have waived the statute of limitations defense because defendants failed to plead it in their answer. A district court has the discretion to allow defendant to assert an affirmative defense not raised in the pleadings. *See Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). Defendants raised the statute of limitations defense in their Motion to Dismiss and again raised it in their Consolidated Response in Opposition to Plaintiffs' Renewed Motion for Class Certification. (*See* Defs.' Br. at 14.) However, at this point in the litigation, discovery having been completed, plaintiffs neither refute these dates nor argue that any equitable doctrine applies to save their claim. (Pls.' Opp'n Defs.' Objs. Class Cert. at 15.) Because plaintiffs cannot claim unfair surprise as to defendants' reliance on the defense, the Court, in its discretion, allows defendants to raise the statute of limitations defense.

The Seventh Circuit has indicated that "even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *J.H. Cohn &*

*Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980). In *McIntyre v. Household Bank*, No. 02 C 1537, 2004 WL 2958690, at *7 (N.D. Ill. Dec. 21, 2004), the court held that the plaintiff's failure to file their complaint within the one-year period was sufficient to destroy typicality because the plaintiff would be forced to expend time and resources on a defense that did not pertain to class members who timely filed their complaint. As in *McIntyre*, the Murrys' failure to file their TILA complaint requesting statutory damages within the necessary one-year period destroys typicality and bars class certification.

Plaintiff Blondell Greenleaf's loan closed on September 11, 2002 and she filed her class action complaint on September 3, 2003. (Greenleaf's Am. Compl. ¶ 13.) Accordingly, her complaint was timely filed within the one-year statute of limitations period for TILA damages claims, and therefore her claim is typical of that of the class.

## B. Whether Questions of Fact Common to the Class Predominate

Defendants next argue that Magistrate Judge Schenkier erred in recommending that a class be certified as to their TILA damages claims because questions of fact common to the class do not predominate over questions affecting only individual members. According to defendants, the following five factual questions require individual analysis: (1) the determination of a reasonable title charge; (2) applicability of the statutory tolerance for error for statutory damages claims under 15 U.S.C. § 1605(f)(1)(A); (3) applicability of the voluntary payment doctrine defense from each borrower; (4) the availability of damages for each borrower given the one-year statute of limitations on TILA damages claims; (5) to the extent class members seek actual damages, the extent of detrimental reliance on the TILA disclosures by each borrower.

First, the determination of a reasonable title charge in this case does not require a case-

7

by-case analysis. In analyzing what a reasonable title fee is under 12 C.F.R. § 226.4(c)(7), "[t]he relevant inquiry is . . . whether the fee is reasonable given the prevailing practices in the relevant market." *Brannam v. Huntington Mortgage Co.*, 287 F.3d 601, 606 (6th Cir. 2002) (TILA case).[3] Plaintiffs argue that the class members obtained loans in the same market and time period and were charged approximately the same amount for title insurance. Thus, the Court rejects defendants' objections because, based on the particular facts of this case, the reasonableness issue need not determined on an individual basis.

Second, following the same reasoning, the statutory tolerance for error for statutory damages claims does not require a case-by-case analysis. 15 U.S.C. § 1605(f)(1)(A) states that if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $100.00, it shall be treated as accurate under TILA. Based on the particular facts of the cases before the Court, it is clear that the amounts disclosed as the finance charge varied from the actual finance charge by much more than $100.00. Accordingly, this question of fact is common to the class.

Third, defendants argue that their voluntary payment defense to plaintiffs' claims for statutory damages requires an individual assessment as to whether each plaintiff signed the "Controlled Business Arrangement Disclosure Statements" that disclosed that The Loan Arranger, Inc. and Clearwater are affiliated entities. Defendants are mistaken. The voluntary payment defense only bars claims for rescission, *see, e.g., King v. First Cap. Fin. Servs. Corp.*, 828 N.E.2d 1155, 1170 (Ill. 2005), not for statutory damages, and Magistrate Judge Schenkier

---

[3]Because the Court finds that there exists a methodology for determining under TILA whether a fee is "bona fide and reasonable in amount," *see* 12 C.F.R. § 226.4(c)(7) and *Brannam*, 287 F.3d at 606, it rejects defendants' argument that the analysis is governed by cases discussing the Real Estate Settlement Procedure Act, 12 U.S.C. § 2607(b).

8

denied plaintiffs' motion to certify the class as to claims for rescission.

Fourth, defendants argue that whether the one-year statute of limitations on TILA damages claims applies to each of the class members requires a case-by-case assessment. The Court disagrees. The definition of the class eliminates any need for individual analysis because the class is limited to people whose loans were closed one year prior to the filing of this action. (*See, e.g.*, Greenleaf's Am. Compl. ¶¶ 39, 44(1).)

Fifth, defendants argue that in order to recover actual damages, plaintiffs must establish detrimental reliance as to each class member. To recover actual damages under TILA, each class member must establish that, but for the violation, he or she would have obtained credit on more favorable terms. *Lindsey v. Johnson Oldsmobile, Inc.*, No. 95 C 7306, 1997 WL 269627, at *4 (N.D. Ill. May 14, 1997). While ICFA does not require a showing of reliance, each plaintiff must prove that defendant's deception proximately caused his damages. *Balderos v. Ill. Vehicle Premium Fin. Co.*, No. 96 C 8050, 1997 WL 627650, at *6 (N.D. Ill. Oct. 2, 1997). "Because the issues of actual damages and causation under TILA and the [Illinois] CFA often involve individualized proof, several judges in this district have certified classes asserting TILA and CFA claims for determination of issues related to the defendant's conduct and liability while declining to certify issues of causation and actual damages." However, where, as here, the reliance determination and calculation of actual damages as to each individual plaintiff do not present a monumental task given the alleged standardized practices of defendants, courts have certified the class as to damages as well as for liability. *See, e.g., Heastie v. Comty. Bank of Greater Peoria*, 125 F.R.D. 669, 678-79 (N.D. Ill. 1989). Thus, based on the unique facts of this case, the Court holds that granting the motion to certify the class with regard to actual damages under ICFA and TILA is appropriate. Accordingly, this objection is overruled. If, however,

during the course of the proceedings, individual proof as to detrimental reliance or proximate causation becomes too unwieldy, the Court may revisit the issue.

### C. Whether Unmanageability of Trial and Unfairness to Assignee Lenders Makes a Class Action Inferior to Other Methods

Defendants argue that certification of the class for purposes of the TILA and ICFA claims as to liability and damages (1) "creates a completely unworkable trial situation" and (2) "is manifestly unfair to the assignee lender defendants." (Defs.' Joint Objs. 13.) Rule 23(b)(3) provides that the court, in determining whether a class action is superior to other methods for handling the controversy, should consider the difficulties likely to be encountered in the management of a class action. FED. R. CIV. P. 23(b)(3)(D).

Defendants first argue that the motion for class certification must be denied because plaintiffs have failed to present a trial plan. However, defendants fail to cite any controlling authority for that proposition. Moreover, based on the particular facts of this case, the Court does not perceive, and has not been apprised of, any issues that would require such a plan. Accordingly, this Court is unwilling to embrace what defendants describe as the "modern trend" of requiring plaintiffs to provide a trial plan. (Defs.' Joint Objs. 14.)

Defendants next argue that trying this case as a class action is unfair to the assignee defendants, including Paragon. Paragon was dismissed from this case after plaintiffs moved to certify the class. The other assignee defendant, Mortgage Lenders Network was dismissed from the case prior to the motion for class certification. However, even if these assignee defendants had not been dismissed from the case, the fact that an assignee defendant would have to defend against an individual TILA rescission claim at the same time as other defendants defend against

a TILA class action for liability and damages does not create such undue prejudice that it would have prevented the Court from holding that a class action is the superior method in this case. Thus, the Court rejects these objections.

## CONCLUSION

For the foregoing reasons, the Court adopts with modification Magistrate Judge Schenkier's Report and Recommendation. The Court declines to certify a class as to the Murrys' claims and certifies a class as to Greenleaf's TILA and ICFA claims regarding liability and damages but not as to the rescission claims. The Murrys' claims shall proceed solely on an individual basis.

SO ORDERED.   ENTER:   JUN - 5 2006

**RONALD A. GUZMAN**
**United States Judge**

11